IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § <br> **Griddy Energy LLC** § <br>     **Debtor** § <br> § § § § | | **Chapter 11** <br><br> **Case No. 21-30923 (S.D. Tex. Bankr.)** <br><br> **(Jointly Administered)** |
| **Lisa Khoury, Individually and on Behalf of All Others Similarly Situated** § § § <br><br>     **Plaintiff,** § § <br><br> **v.** § § § <br><br> **Griddy Energy LLC and Griddy Holdings LLC** § § § <br><br>     **Defendants** § § § | | **Civil Action No.** _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1452(a), Southern District of Texas General Order 2012-6, and Southern District of Texas Local Bankruptcy Rule 9027-1, Griddy Energy LLC ("Debtor" or "Griddy Energy") files this Notice of Removal of Case No. 2021-10004 in the 133rd Judicial District Court of Harris County, Texas (the "Khoury Action") to the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

Federal courts have "related to" subject matter jurisdiction pursuant to 28 U.S.C. § 1334 over any proceeding that "could conceivably affect [an] estate being administered in the bankruptcy." *Lone Star Fund (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As set forth below, the Khoury Action could affect the Debtor's estate and is thus "related

to" the above-captioned bankruptcy proceeding, giving this Court jurisdiction over the Khoury Action.

### BACKGROUND

1. This Adversary Proceeding is comprised of a putative class action brought in the wake of Winter Storm Uri. The suit is styled *Lisa Khoury, Individually and on Behalf of all Others Similarly Situated v. Griddy Energy LLC and Griddy Holdings LLC*, Cause No. 2021-10004.

2. On February 22, 2021, Khoury filed her Original Class Action Petition against Griddy Energy, a limited liability company organized under the laws of Delaware, in the 133rd Judicial District Court of Harris County, Texas. Griddy Energy was served with process in this matter on February 25, 2021; it has not made any appearance in this matter. On March 2, 2021, Khoury filed her First Amended Class Action Petition, adding Griddy Holdings LLC ("Griddy Holdings") as a defendant. Griddy Holdings was served with process in this matter on March 11, 2021; it also has not made any appearance in this matter.

3. On March 15, 2021, Debtor initiated the above-captioned voluntary bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Griddy Energy Bankruptcy").

### BASIS FOR REMOVAL

4. Section 1452 allows defendants to "remove any claim or cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334 grants this Court original jurisdiction over all civil proceedings "related to cases under title 11." 28 U.S.C. § 1334(b); *see also* S.D. Tex. Gen. Order No. 2012-6 (2012) ("Bankruptcy cases and proceedings arising under Title 11 or arising in or related to a case under Title 11 of the United States Code are automatically referred to the bankruptcy judges of this district.").

5. "[A] proceeding properly invokes federal 'related to' jurisdiction [if] the outcome of the proceeding could conceivably affect that estate being administered in bankruptcy." *In re TXNB Internal* Case, 483 F.3d 292, 298 (5th Cir. 2007). "Certainty" that the outcome of the proceeding will affect the estate "is unnecessary." *Id.* Rather, "an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *Id.*; *see Lone Star*, 594 F.3d at 386; *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, No. 3:08-CV-0261-L, 2008 WL 4449508, at *3 (N.D. Tex. Sept. 30, 2008).

6. Here, the Khoury Action is plainly related to the Griddy Energy Bankruptcy. It is well-established that "a pre-petition tort claim against a debtor qualifies as a related proceeding." *See Tailored Fund Cap LLC v. RWDY, Inc.*, 5:20-CV-762, 2020 WL 6343307, at *6 (N.D.N.Y. Oct. 29, 2020); *see also In re Argus Grp. 1700, Inc.*, 206 B.R. 737, 748 n.17 (E.D. Penn. 1996) ("[W]here plaintiff, who did not file proof of claim in bankruptcy case, filed adversary action against debtors raising purely state law causes of action, adversary action constituted non-core related proceeding." (citing *In re Wood*, 825 F.2d 90 (5th Cir. 1987))). The same is true even if "the parties agree that any further action against the debtor defendant has been automatically stayed." *Tailored Fund*, 2020 WL 6343307, at *6. Consequently, the fact that Khoury has asserted DTPA, negligence, conversion, and unjust enrichment claims directly against Debtor, and seeks both monetary and injunctive relief against Debtor, is sufficient to demonstrate that this case is related to the Griddy Energy Bankruptcy, establishing § 1334 jurisdiction over this case.

7. Moreover, if the Khoury Action proceeds, document and other discovery may be necessary from the Debtor, and its managers and employees may be required to provide testimony, produce documents, or testify at trial. The burden and expense of this discovery will affect the

Debtor and its bankruptcy estate. Moreover, rulings from the Court on discovery and substantive issues could impact other claims that may be brought against or by the Debtor related to the factual matter underlying the Khoury Action. Some such rulings could even have res judicata, collateral estoppel, or other preclusive impact that could harm or benefit the Debtor's defense or prosecution of any claim.

8. For each of these reasons, the Khoury Action could alter, positively or negatively, the Debtor's rights, liabilities, options, or freedom of action, or could influence the administration of the Debtor's bankruptcy estate. *See Lone Star*, 594 F.3d at 386. The Khoury Action is therefore related to the Griddy Energy Bankruptcy under 28 U.S.C. § 1334(b), and removal is proper under 28 U.S.C. § 1452(a).

## OTHER PROCEDURAL REQUIREMENTS

9. This is the proper court for Debtor to remove the Khoury Action to because it is the bankruptcy court for the district where the Khoury Action was pending. *See* 28 U.S.C. § 1452; Fed. R. Bankr. P. 9027(a)(1); S.D. Tex. Gen. Order No. 2012-6 (2012).

10. Removal of the Khoury Action is timely because 90 days have not lapsed since the order for relief was issued in the Griddy Energy Bankruptcy, on March 15, 2021. *See* Fed. R. Bankr. P. 9027(2); *see also* 11 U.S.C. § 301(b) ("The commencement of a voluntary case under a chapter of [the Bankruptcy Code] constitutes an order for relief under such chapter.").

11. Promptly after filing this Notice of Removal, Debtor will provide written notice to Plaintiff of this filing. Debtor will also file a copy with the clerk of the 133rd Judicial District Court of Harris County, Texas.

12. Copies of all process and pleadings in the Khoury Action are attached to this notice as Exhibits 1–16, as required by Federal Rule of Bankruptcy Procedure 9027(1) and S.D. Tex. Bankruptcy Local Rule 9027-1(b). If additional documents relating to the Khoury Action are

required, Debtor will submit such documents.

13. As required by Federal Rule of Bankruptcy Procedure 9027(a)(1), Debtor states that the claims asserted against it are non-core, within the meaning of 28 U.S.C. § 157(b), and Debtor consents to entry of final orders or judgment by the bankruptcy judge.

14. Lisa Khoury's address is 6227 Oleander, Baytown, Chambers County, Texas 77523-8252. She is represented by Derek Potts, J. Ryan Fowler, and Batami Baskin of the Potts Law Firm, LLP, 3737 Buffalo Speedway, Suite 1900, Houston, Texas 77098, 713-963-8881.

15. Debtor's address is 11811 North Freeway, Suite 500, Houston, Texas 77060. Debtor has been served with process in the matter. It is represented by Jonathan Rubenstein, John B. Lawrence, and Christopher C. Cyrus of Baker Botts L.L.P., 2001 Ross Avenue, Suite 900, Dallas, Texas 75201, 214-953-6500.

16. Griddy Holdings' address is 30 Post Road East, Floor 2, Westport, Connecticut 06880. Griddy Holdings has been served with process in the matter. It is represented by Jonathan Rubenstein, John B. Lawrence, and Christopher C. Cyrus of Baker Botts L.L.P., 2001 Ross Avenue, Suite 900, Dallas, Texas 75201, 214-953-6500.

## JURY DEMAND

17. Plaintiff demanded a jury in the Khoury Action.

## CONCLUSION

18. Debtor provides notice that the Khoury Action is removed from the 133rd Judicial District Court of Harris County, Texas to the United States Bankruptcy Court for the Southern District of Texas, Houston Division under 28 U.S.C. § 1452(a).

Date: March 15, 2021                                Respectfully Submitted,

                                                                                              BAKER BOTTS L.L.P.

*/s/ John B. Lawrence*
Jonathan Rubenstein
State Bar Number 24037403
jonathan.rubenstein@bakerbotts.com
John B. Lawrence
State Bar Number 24055825
john.lawrence@bakerbotts.com
Christopher C. Cyrus
State Bar Number 24097110
2001 Ross Ave, Suite 900
Dallas, Texas 75201
(214) 953-6500 (telephone)
(214) 953-6503 (facsimile)

## CERTIFICATE OF SERVICE

     I hereby certify that on March 15, 2020, a true and correct copy of the forgoing was served on all counsel of record.

                                                                                  */s/ John B. Lawrence*
                                                                                  John B. Lawrence